SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
JAMES M. CHADWICK, Cal. Bar No. 157114
JESSE A. SALEN, Cal. Bar No. 292043
379 Lytton Avenue
Palo Alto, California  94301-1479
Telephone:    650.815.2600
Facsimile:    650.815.2601
E mail:   jchadwick@sheppardmullin.com
E mail:   jsalen@sheppardmullin.com

Attorneys for Defendants AURYC, Inc.,
Jinlin Wang, Fang Shao, and Amod Setlur.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORESEE RESULTS, INC. a Delaware Corporation; ANSWERS CORPORATION, a Delaware Corporation, <br><br>      Plaintiffs, <br><br>      v. <br><br> AURYC, INC., a Delaware Corporation, also known as AURYC, LLC; JINLIN WANG, an individual; FENG SHAO, an individual; AMOD SETLUR, an individual; DOES 1 through 20, inclusive; <br><br>      Defendants. | Case No. 3:17-cv-06973-RS <br><br> **DEFENDANTS' ANSWER AND COUNTERCLAIMS** <br><br> The Hon. Richard Seeborg <br> United States District Judge |

Defendants Auryc, Inc. ("Auryc"), Jinlin Wang, Feng Shao, and Amod Setlur (collectively "Defendants"), hereby answer the Complaint of Plaintiffs ForeSee Results, Inc. ("ForeSee") and Answers Corporation ("Answers") (collectively "Plaintiffs") as follows:

## GENERAL DENIAL

Unless expressly admitted below, Defendants deny each and every allegation Plaintiffs have made in their Complaint. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, or implications that may allegedly follow from the admitted facts. Without limiting the foregoing, Defendants believe that the headings contained in the Complaint are not allegations to which any response is required, but to the degree any response thereto is required, Defendants deny any and all allegations contained in the headings in the Complaint.

## BACKGROUND

1. The allegations in paragraph 1 contain legal conclusions to which no response is required. To the extent that an answer is required, Defendants admit that Mr. Wang, Mr. Shao, and Mr. Setlur were previously employed by Answers and, after terminating their employment with Answers, Mr. Wang, Mr. Shao, and Mr. Setlur founded Auryc. Defendants deny the remaining allegations in this paragraph.

## PARTIES

2. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

3. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

4. Defendant Wang admits that he resides in the State of California, County of Santa Clara, at 30 Maynard Way, Los Altos, CA, 94022.

5. Defendant Shao admits that he resides in the State of California, County of Santa Clara, at 3876 Dunford Way, Santa Clara, CA, 95051.

6. Defendant Setlur admits that he resides in the State of California, County of San Mateo, at 45 Prado Court, Portola Valley, CA, 94028.

7.      Defendants admit that Auryc is a corporation incorporated and organized in the State of Delaware, with its principal place of business located at 5050 El Camino Real, Suite 202, Los Altos, CA 94022.  Defendants further admit that Defendants Wang, Shao, and Setlur are co-founders of Auryc.  Defendants deny the remaining allegations of this paragraph.

## JURISDICTION AND VENUE

8.      This paragraph contains conclusions of law to which no response is required.  To the extent an answer is required, Defendants Wang, Shao, and Setlur deny that this Court has subject matter jurisdiction over the claims made against them because those claims arise out of Answers' employment of Defendants Wang, Shao, and Setlur, and such claims are therefore governed by employment agreements that require the parties to arbitrate prior to raising those claims with this Court.

9.      This paragraph contains conclusions of law to which no response is required.  To the extent an answer is required, Defendants Wang, Shao, and Setlur deny that this Court has subject matter jurisdiction over the claims made against them because those claims arise out of Answers' employment of Defendants Wang, Shao, and Setlur, and such claims are therefore governed by employment agreements that require the parties to arbitrate prior to raising those claims with this Court.

10.     This paragraph contains conclusions of law to which no response is required.  To the extent an answer is required, Defendants Wang, Shao, and Setlur deny that this Court has subject matter jurisdiction over the claims made against them because those claims arise out of Answers' employment of Defendants Wang, Shao, and Setlur, and such claims are therefore governed by employment agreements that require the parties to arbitrate prior to raising those claims with this Court.

11.     This paragraph contains conclusions of law to which no response is required.  To the extent an answer is required, Auryc admits that it conducts business in the State of California and Defendants Wang, Shao, and Setlur admit that they each reside in the State of California.

12.     This paragraph contains conclusions of law to which no response is required.  To the extent an answer is required, Defendants are not challenging venue, without prejudice to their

1  rights to challenge venue in any future matter.

2      13.     This paragraph contains conclusions of law to which no response is required.  To

3  the extent an answer is required, Defendants deny that they committed the acts outlined in the

4  Complaint.

5                        **A.     Background of the Parties Involved**

6      14.     Defendants are without sufficient knowledge or information to form a belief as to

7  the truth of the allegations of this paragraph, and therefore deny those allegations.

8      15.     Defendants are without sufficient knowledge or information to form a belief as to

9  the truth of the allegations of this paragraph, and therefore deny those allegations.

10     16.     Defendants are without sufficient knowledge or information to form a belief as to

11  the truth of the allegations of this paragraph, and therefore deny those allegations.

12     17.     Defendants are without sufficient knowledge or information to form a belief as to

13  the truth of the allegations of this paragraph, and therefore deny those allegations.

14     18.     Defendants are without sufficient knowledge or information to form a belief as to

15  the truth of the allegations of this paragraph, and therefore deny those allegations.

16     19.     Defendants are without sufficient knowledge or information to form a belief as to

17  the truth of the allegations of this paragraph, and therefore deny those allegations.

18                        **B.     Defendant Jinlin Wang**

19     20.     Defendant Wang admits that he was employed by Answers before its acquisition of

20  ForeSee.  Defendant Wang admits that, on or about October 3, 2014, he entered into an

21  employment agreement with Answers, accepting the position of Chief Technical Officer.

22  Defendants lack sufficient information to form a belief as to the truth of the remaining allegations

23  of this paragraph, and therefore deny those allegations.

24     21.     Defendant Wang admits that he was the Chief Technical Officer of Answers and

25  worked with both ForeSee and Answers on projects in the customer experience analytics space.

26  Defendants deny the remaining allegations of this paragraph.

27     22.     With respect to the allegations in this paragraph, Defendants respond that the

28  agreement speaks for itself.

23.     Defendant Wang admits that he agreed to a restrictive covenant agreement ("RCA") with Answers.  Defendants lack sufficient information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore deny those allegations.

24.     With respect to the allegations in this paragraph, Defendants respond that the agreement speaks for itself.

25.     With respect to the allegations in this paragraph, Defendants respond that the agreement speaks for itself.

26.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

27.     Defendants admit that Defendant Wang managed teams that worked on software development projects related to products offered by ForeSee.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore deny those allegations.

## C.     Defendant Feng Shao

28.     Defendant Shao admits that he was employed by Answers before its acquisition of ForeSee.  Defendant Shao admits that, on or about April 28, 2015, he entered into an employment agreement with Answers, accepting the position of Senior Director of Engineering.  Defendants lack sufficient information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore deny those allegations.

29.     Defendant Shao admits that he agreed to a Restrictive Covenants and Invention Rights Agreement ("Shao RCA") with Answers.  Defendants lack sufficient information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore deny those allegations.

30.     Defendant Shao admits that the Shao RCA includes a non-disclosure provision with "the Employer."  Defendants lack sufficient information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore deny those allegations.

31.     With respect to the allegations in this paragraph, Defendants respond that the agreement speaks for itself.

**D.      Defendant Amod Setlur**

32.      Defendant Setlur admits that he was employed by Answers before its acquisition of ForeSee.  Defendant Setlur admits that, on or about May 5, 2015, he entered into an employment agreement with Answers, for the position of Vice President of Engineering.  Defendants lack sufficient information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore deny those allegations.

33.      Defendant Setlur admits that he agreed to a Restrictive Covenants and Invention Rights Agreement ("Shao RCA") with Answers.  Defendants lack sufficient information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore deny those allegations.

34.      Defendant Setlur admits that the Shao RCA includes a non-disclosure provision with "the Employer."  Defendants lack sufficient information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore deny those allegations.

35.      With respect to the allegations in this paragraph, Defendants respond that the agreement speaks for itself.

**E.      The Development of "Feedback" Functionality**

36.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

**F.      The Departure of the Three Executives**

37.      Defendants admit that Mr. Setlur and Mr. Shao's employment with Answers terminated on January 22, 2016, and that Mr. Wang's employment with Answers terminated on February 5, 2016.  Defendants deny the remaining allegations in this paragraph.

38.      Defendants Wang, Setlur, and Shao admit that they executed separation agreements with Plaintiffs.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore deny those allegations.

39.      With respect to the allegations in this paragraph, Defendants respond that the agreement speaks for itself.

40.      With respect to the allegations in this paragraph, Defendants respond that the

1  agreement speaks for itself.

2      41.    With respect to the allegations in this paragraph, Defendants respond that the

3  agreement speaks for itself.

4      42.    With respect to the allegations in this paragraph, Defendants respond that the

5  agreement speaks for itself.

6      43.    With respect to the allegations in this paragraph, Defendants respond that the

7  agreement speaks for itself.

8      44.    Defendants admit that they formed Auryc on or about February 10, 2016.

9  Defendants are without sufficient knowledge or information to form a belief as to the truth of the

10  remaining allegations of this paragraph, and therefore deny those allegations.

11      45.    Defendants are without sufficient knowledge or information to form a belief as to

12  the truth of the allegations of this paragraph, and therefore deny those allegations.

13          **G.    Plaintiffs' Allegations Regarding Proprietary Software Code**

14      46.    Defendants are without sufficient knowledge or information to form a belief as to

15  the truth of the allegations of this paragraph, and therefore deny those allegations.

16      47.    Defendants are without sufficient knowledge or information to form a belief as to

17  the truth of the allegations of this paragraph, and therefore deny those allegations.

18      48.    Defendants are without sufficient knowledge or information to form a belief as to

19  the truth of the allegations of this paragraph, and therefore deny those allegations.

20      49.    Defendants are without sufficient knowledge or information to form a belief as to

21  the truth of the allegations of this paragraph, and therefore deny those allegations.

22      50.    Defendants are without sufficient knowledge or information to form a belief as to

23  the truth of the allegations of this paragraph, and therefore deny those allegations.

24          **H.    Plaintiffs' Allegations Regarding Copyrighted Software**

25      51.    Defendants are without sufficient knowledge or information to form a belief as to

26  the truth of the allegations of this paragraph, and therefore deny those allegations.

27      52.    Defendants are without sufficient knowledge or information to form a belief as to

28  the truth of the allegations of this paragraph, and therefore deny those allegations.

53.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

54.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

55.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

56.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

57.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

58.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

59.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

60.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

**I.      Plaintiffs' Allegations Regarding Auryc's Code**

61.     Defendants admit that Mr. Wang and Mr. Setlur were familiar with the basic features and functionality of some of Answers' software that existed prior to of the time they left employment with Answers.  Defendants admit that Mr. Shao was familiar with and had access to some of Answers' software that existed prior to his termination of employment with Answers. Defendants deny the remaining allegations in this paragraph.

62.     Defendants deny the allegations in this paragraph.

63.     Defendants deny the allegations in this paragraph.

64.     Defendants admit that Auryc developed server applications for analytics on Auryc's own servers.  Defendants deny the remaining allegations in this paragraph.

65.     Defendants deny the allegations in this paragraph.

66.     Defendants deny the allegations in this paragraph.

1    67.    Defendants deny the allegations in this paragraph.

2    68.    Defendants deny the allegations in this paragraph.

3    69.    Defendants admit that Auryc's server-side software is not off-the-shelf.

4    Defendants deny the remaining allegations in this paragraph.

5    **J.    Plaintiffs' Allegations Regarding Auryc's Code**

6    70.    Defendants deny the allegations in this paragraph.

7    71.    Defendants deny the allegations in this paragraph.

8    72.    Defendants are without sufficient knowledge or information to form a belief as to

9    the truth of the allegations of this paragraph, and therefore deny those allegations.

10   73.    Defendants are without sufficient knowledge or information to form a belief as to

11   the truth of the allegations of this paragraph, and therefore deny those allegations.

12   74.    Defendants are without sufficient knowledge or information to form a belief as to

13   the truth of the allegations of this paragraph, and therefore deny those allegations.

14   75.    Defendants deny the allegations in this paragraph.

15   76.    Defendants deny the allegations in this paragraph.

16   77.    Defendants deny the allegations in this paragraph.

17   78.    Defendants are without sufficient knowledge or information to form a belief as to

18   the truth of the allegations of this paragraph, and therefore deny those allegations.

19   79.    Defendants are without sufficient knowledge or information to form a belief as to

20   the truth of the allegations of this paragraph, and therefore deny those allegations.

21   80.    Defendants are without sufficient knowledge or information to form a belief as to

22   the truth of the allegations of this paragraph, and therefore deny those allegations.

23   81.    Defendants are without sufficient knowledge or information to form a belief as to

24   the truth of the allegations of this paragraph, and therefore deny those allegations.

25   82.    Defendants are without sufficient knowledge or information to form a belief as to

26   the truth of the allegations of this paragraph, and therefore deny those allegations.

27   83.    Defendants deny the allegations in this paragraph.

28   84.    Defendants deny the allegations in this paragraph.

1    85.    Defendants are without sufficient knowledge or information to form a belief as to

2  the truth of the allegations of this paragraph, and therefore deny those allegations.

3    86.    Defendants are without sufficient knowledge or information to form a belief as to

4  the truth of the allegations of this paragraph, and therefore deny those allegations.

5    87.    Defendants are without sufficient knowledge or information to form a belief as to

6  the truth of the allegations of this paragraph, and therefore deny those allegations.

7    88.    Defendants deny the allegations in this paragraph.

8    89.    Defendants deny the allegations in this paragraph.

9    90.    Defendants are without sufficient knowledge or information to form a belief as to

10  the truth of the allegations of this paragraph, and therefore deny those allegations.

11    91.    Defendants deny the allegations in this paragraph.

12    92.    Defendants are without sufficient knowledge or information to form a belief as to

13  the truth of the allegations of this paragraph, and therefore deny those allegations.

14    93.    Defendants are without sufficient knowledge or information to form a belief as to

15  the truth of the allegations of this paragraph, and therefore deny those allegations.

16    94.    Defendants are without sufficient knowledge or information to form a belief as to

17  the truth of the allegations of this paragraph, and therefore deny those allegations.

18    95.    Defendants admit that Ping is a request type.  Defendants are without sufficient

19  knowledge or information to form a belief as to the truth of the remaining allegations of this

20  paragraph, and therefore deny those allegations.

21    96.    Defendants admit that Auryc's software implements an HTTP request with the

22  "action=ping" statement.

23    97.    Defendants deny the allegations in this paragraph.

24    98.    Defendants are without sufficient knowledge or information to form a belief as to

25  the truth of the allegations of this paragraph, and therefore deny those allegations.

26    99.    Defendants admit that Mr. Setlur's and Mr. Shao's employment with Answers

27  terminated on January 22, 2016, and that Mr. Wang's employment with Answers terminated on

28  February 5, 2016.  Defendants admit that they formed Auryc on or about February 10, 2016.

Defendants deny the remaining allegations of this paragraph.

100.    The allegations in paragraph 100 contain legal conclusions to which no response is required.  To the extent that an answer is required Defendants admit that they were involved to different extents in development of certain Answers' products, and that they are parties to agreements with Answers that speak for themselves, and Defendants deny the remaining allegations of this paragraph .

101.    Defendants Wang and Setlur admit that they were familiar with the basic features and functions of Answers' JavaScript Tracking Code and Server Applications, and Defendant Shao admits that he was familiar with Answers' JavaScript Tracking Code and Server Applications.  Defendants deny the remaining allegations of this paragraph.

102.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

103.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

104.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

105.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

106.    Defendants deny the allegations in this paragraph.

107.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

108.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

109.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

110.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

111.    Defendants are without sufficient knowledge or information to form a belief as to

1 the truth of the allegations of this paragraph, and therefore deny those allegations.

2      112.    Defendants are without sufficient knowledge or information to form a belief as to
3 the truth of the allegations of this paragraph, and therefore deny those allegations.

4      113.    Defendants deny the allegations in this paragraph.

5      114.    Defendants deny the allegations in this paragraph.

6      115.    Defendants Wang, Shao, and Setlur deny that they took any copies of Plaintiffs'
7 software when they left their employment with Plaintiff Answers Corporation.  Defendants Wang
8 and Setlur never had copies of software code belonging to Plaintiffs.  Defendant Shao had
9 possession copies of certain software code files used during the course of his employment by
10 Plaintiff Answers Corporation, which he destroyed after leaving his employment there.

11     116.    Defendants admit that they continue to develop software.  Defendants deny the
12 remaining allegations in this paragraph.

13

14                                   **COUNT I**
                              **COPYRIGHT INFRINGEMENT**
15                          <u>**17 U.S.C. §§ 101 et seq**</u>

16     117.    Defendants incorporate by reference each of the responses to Paragraphs 1-116 as
17 though fully set forth herein.

18     118.    Defendants deny the allegations in this paragraph.

19     119.    Defendants are without sufficient knowledge or information to form a belief as to
20 the truth of the allegations of this paragraph, and therefore deny those allegations.

21     120.    Defendants are without sufficient knowledge or information to form a belief as to
22 the truth of the allegations of this paragraph, and therefore deny those allegations.

23     121.    Defendants deny the allegations in this paragraph.

24     122.    Defendants deny the allegations in this paragraph.

25     123.    Defendants deny the allegations in this paragraph.

26     124.    Defendants deny the allegations in this paragraph.

27

28

SMRH:485274872.8

**COUNT II**
**VIOLATION OF THE DEFEND TRADE SECRETS ACT**
**18 U.S.C. § 1836**

125.   Defendants incorporate by reference each of the responses to Paragraphs 1-124 as though fully set forth herein.

126.   This paragraph contains statements of law to which no response is required.

127.   This paragraph contains statements of law to which no response is required.

128.   This paragraph contains statements of law to which no response is required.

129.   This paragraph contains statements of law to which no response is required.

130.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

131.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

132.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

133.   Defendants Wang, Shao, and Setlur admit that they had agreed to maintain the confidentiality of Answers' Confidential Information.  Defendants deny the remaining allegations of this paragraph.

134.   This paragraph contains conclusions of law to which no response is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

135.   Defendants deny the allegations in this paragraph.

136.   Defendants deny the allegations in this paragraph.

137.   Defendants deny the allegations in this paragraph.

138.   Defendants deny the allegations in this paragraph.

139.   Defendants deny the allegations in this paragraph.

140.   Defendants deny the allegations in this paragraph.

141.   Defendants deny the allegations in this paragraph.

**COUNT III**
**BREACH OF CONTRACT**
**(Against Wang, Shao, and Setlur)**

142.     Defendants Wang, Shao, and Setlur incorporate by reference each of the responses to Paragraphs 1-141 as though fully set forth herein.

143.     Defendants Wang, Shao, and Setlur admit that they entered into respective employment agreements, restrictive covenant agreements, and separation agreements with Answers.  Each of those agreements speak for themselves.  Defendants deny the remaining allegations in this paragraph.

144.     This paragraph contains conclusions of law to which no response is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

145.     This paragraph contains statements of law to which no response is required.  To the extent an answer is required, Defendants Wang, Shao, and Setlur admit that they each signed an employment agreement, restrictive covenant agreement, and separation agreement with Answers.

146.     Defendants Wang, Shao, and Setlur deny the allegations in this paragraph.

147.     Defendants Wang, Shao, and Setlur admit the allegations in this paragraph.

148.     With respect to the allegations in this paragraph, Defendants respond that the agreement speaks for itself.

149.     With respect to the allegations in this paragraph, Defendants respond that the agreement speaks for itself.

150.     Defendants Wang, Shao, and Setlur deny the allegations in this paragraph.

151.     This paragraph contains statements of law to which no response is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

152.     This paragraph contains statements of law to which no response is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

SMRH:485274872.8

**COUNT IV**
**BREACH OF THE DUTY OF LOYALTY**
**(Against Wang, Shao, and Setlur)**

153.     Defendants Wang, Shao, and Setlur incorporate by reference each of the responses to Paragraphs 1-152 as though fully set forth herein.

154.     This paragraph contains conclusions of law to which no response is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

155.     This paragraph contains conclusions of law to which no response is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

156.     Defendants Wang, Shao, and Setlur deny the allegations in this paragraph.

157.     Defendants Wang, Shao, and Setlur deny the allegations in this paragraph.

158.     Defendants Wang, Shao, and Setlur are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

159.     Defendants Wang, Shao, and Setlur deny the allegations in this paragraph.

160.     Defendants Wang, Shao, and Setlur deny the allegations in this paragraph.

161.     Defendants Wang, Shao, and Setlur deny the allegations in this paragraph.

162.     Defendants Wang, Shao, and Setlur deny the allegations in this paragraph.

**COUNT V**
**BREACH OF FIDUCIARY DUTY**
**(Against Wang, Shao, and Setlur)**

163.     Defendants Wang, Shao, and Setlur incorporate by reference each of their responses to Paragraphs 1-162 as though fully set forth herein.

164.     This paragraph contains conclusions of law to which no response is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

165.     Defendants Wang, Shao, and Setlur deny the allegations in this paragraph.

166.     Defendants Wang, Shao, and Setlur deny the allegations in this paragraph.

167.     Defendants Wang, Shao, and Setlur deny the allegations in this paragraph.

168.     Defendants Wang, Shao, and Setlur deny the allegations in this paragraph.

-14-

**PLAINTIFFS' PRAYER FOR RELIEF**

1.  Defendants deny that Plaintiffs are entitled to the relief requested in this paragraph.

2.  Defendants deny that Plaintiffs are entitled to the relief requested in this paragraph.

3.  Defendants deny that Plaintiffs are entitled to the relief requested in this paragraph.

4.  Defendants deny that Plaintiffs are entitled to the relief requested in this paragraph.

5.  Defendants deny that Plaintiffs are entitled to the relief requested in this paragraph.

6.  Defendants deny that Plaintiffs are entitled to the relief requested in this paragraph.

7.  Defendants deny that Plaintiffs are entitled to the relief requested in this paragraph.

**DEFENDANTS' PRAYER FOR RELIEF**

As to Plaintiffs' Complaint, Defendants, Auryc, Inc. ("Auryc"), Jinlin Wang, Feng Shao, and Amod Setlur, pray for a judgment in favor of Defendants and against Plaintiffs, as follows:

1.  Confirming that Defendants are not subject to liability on any of the claims asserted by Plaintiffs;

2.  Denying any and all injunctive relief, temporary or permanent;

3.  Denying any form of damages, compensatory, punitive, or otherwise;

4.  Denying any form of equitable relief;

5.  Awarding Defendants' all attorneys' fees and costs incurred in this action;

6.  For any and all further relief the Court deems proper.

**DEMAND FOR JURY TRIAL**

Defendants demand a trial by jury as to all issues so triable.

**DEFENSES**

Without prejudice to the denials set forth in its Answer, without admitting any allegation in the Complaint not otherwise expressly admitted, and without undertaking any of the burdens of proof imposed by law on Plaintiffs, Defendants assert the following defenses set forth below.

**<u>BACKGROUND</u>**

1.      Defendants hereby incorporate each response to each of the foregoing paragraphs in the Complaint as if fully stated herein.

2.      Defendants Wang, Shao, and Setlur were employees of Answers until January 2016.

3.      As part of their employment with Answers, Defendants Wang, Shao, and Setlur executed employment agreements with Answers.

4.      Answers' employment agreements with Defendants include terms that require mediation and, then, arbitration of any disputes arising under those agreements.

5.      Prior to filing their Complaint in this Court, Plaintiffs did not contact any of Defendants or otherwise seek to mediate or arbitrate this dispute, even though the Complaint alleges that Plaintiff Answers and Defendants are parties to employment agreements that contain provisions requiring mediation of disputes, and if mediation does not produce a resolution then binding arbitration.

6.      After leaving their employment with Answers, Defendants Wang, Shao, and Setlur founded Auryc, Inc.

7.      Auryc is a next-generation technology driven startup company that strives to assist its customers by automating the collection of online customer experience data and qualitative and quantitative insights into customer experience, thereby presenting contextual business intelligence at scale.  Auryc's core technology utilizes artificial intelligence ("AI") and machine learning techniques that operate on very large datasets (referred to as "big data").  Auryc's software includes many functional components, including  session replay technology, voice of customer technology, mobile web analytics technology, and visual business rules editing technology.  For example, session replay technology enables a customer to visually replay and observe a consumer's interaction with a website, the voice of the customer technology enables the collection of user feedback, and the visual business rules editing technology enables a customer to configure and tune the business intelligence data collection using an intuitive graphical user interface.

8.      While, on information and belief, ForeSee's software also provides session replay and voice of the customer components, those components function and are implemented in very different ways than Auryc's software for at least the following exemplary reasons:

- Auryc's session replay technology provides random access and search capability to enable a user to **interactively** identify interesting portions of the replay, much the same way as a viewer would like to get to specific parts of a movie on a DVD without watching the entire movie.  In contrast, Defendants are informed and believe that ForeSee's replay technology merely provides a downloadable **static** video.

- Auryc's session replay technology also enables specific filtering of replays to enable a user to identify specific consumer behaviors across millions of web browsing sessions, e.g., to find consumers who clicked on the purchase button on an e-commerce site but did not see the purchase confirmation page, or to find consumers who experienced certain types of errors during a browsing session.  Auryc is informed and believes that ForeSee's software has no equivalent functionality.

- Auryc's voice of the customer technology enables users to view Net Promoter Score ("NPS") templates and to customize the display of information using various parameters, e.g., by displaying average times spent on a webpage and locations viewed on a webpage.  Auryc is informed and believes that ForeSee's software has no equivalent functionality.

- Auryc's voice of the customer technology also includes unique behavior tracking technology to enable feedback forms to be sent to consumers based on targeted profiles, e.g., to target consumers who have engaged in specific behaviors.  Auryc is informed and believes that ForeSee's software has no equivalent functionality.

9.      To date, Auryc's software is still at the "Beta" (initial, restricted release) stage.  On information and belief, Auryc's software has not been sold or provided to any customer of the Plaintiffs.

10.     Auryc's business intelligence software includes both client-side components that interact directly with web browsers, as well as server-side components that communicate with the

client-side components.  Auryc's client-side components were written in  JavaScript scripting language and incorporate many open-source components that are publicly available.  Auryc's server-side components were written using high performing object-oriented programming languages and highly scalable frameworks and are compiled and operated from Auryc's servers.

11.     On information and belief, ForeSee's software also includes client-side and server-side components, including several components that have different functionality than Auryc's business intelligence software.  On information and belief, ForeSee's client-side components were written in a JavaScript scripting language, are publicly available, and incorporate many open-source components that are publicly available.  On information and belief, ForeSee's server-side components were written using a different set of programming languages and/or frameworks than were Auryc's server-side components.  On information and belief, ForeSee's server-side components are compiled and operated from ForeSee's servers..

12.     On information and belief, many publicly available and/or open source components are incorporated in ForeSee's software, and some of these components are subject to licensing terms that require that any modifications or derived works from those publicly available and/or open source components to be made available to the public under the same terms.

13.     Auryc developed its business intelligence software independently and without reliance on ForeSee's or Answers' software.

14.     Auryc's business intelligence software performs substantially different functions than any of ForeSee's or Answers' software.

## FIRST DEFENSE

### (Non-Infringement of Plaintiffs Copyrights)

15.     Auryc's software has not infringed, does not infringe, and would not – if made, used, offered for sale, imported, or marketed – infringe directly and/or indirectly any valid and enforceable copyright of Plaintiffs.

**SECOND DEFENSE**

**(Invalidity of Plaintiffs Copyrights)**

16.     Plaintiffs' asserted copyrights are invalid and/or unenforceable as to the Auryc's software because Plaintiffs are not the original authors of the works claimed by their asserted copyrights, such works have been dedicated to the public by their incorporation of open source materials, or otherwise.

**THIRD DEFENSE**

**(Copyright Misuse)**

17.     Plaintiffs' asserted copyrights are invalid and/or unenforceable against Defendants pursuant to the doctrine of copyright misuse because *inter alia* Plaintiffs are attempting to improperly expand the scope of their copyrights by claiming and asserting copyright protection for publicly available and/or open source code to which Plaintiffs have no ownership interest.

**FOURTH DEFENSE**

**(Alleged Copying Is *Di Minimis*)**

18.     Plaintiffs' copyright infringement claim and any liability based thereon are barred as *di minimis* because the extent of copying alleged by Plaintiffs is so meager and fragmentary that the average audience would not recognize the appropriation.

**FIFTH DEFENSE**

**(Breach of Contract)**

19.     Plaintiffs' actions, for example, the filing of their Complaint without first engaging in mediation or seeking to do so, constitute a breach of their agreements with Defendants, thereby excusing Defendants' performance.

**SIXTH DEFENSE**

**(Unclean Hands)**

20.     Plaintiffs' claims are barred by the doctrine of unclean hands, because, *inter alia* and on information and belief, they have brought this action not to protect their intellectual property but to suppress lawful competition.

1

2

### SEVENTH DEFENSE

### (Failure to State a Claim Upon which Relief Can Be Granted)

21.     Plaintiffs' allegations do not state a claim upon which relief can be granted with respect to Plaintiff's copyright infringement cause of action because *inter alia*, Defendants are informed and believe that Plaintiffs' purported copyrights are invalid on their face, incorporate publicly available and/or open source components, some of which are subject to licensing terms that require that any modifications or derived works from those publicly available and/or open source components be made available to the public under the same terms and because Plaintiffs' and/or the work-made-for-hire authors of Plaintiffs' software are not the original authors of software covered by the Asserted Copyrights.

22.     Plaintiffs' allegations do not state a claim upon which relief can be granted with respect to Plaintiffs' misappropriation of trade secret cause of action because *inter alia* Plaintiffs have not particularly identified their alleged trade secrets with sufficiency to put Defendants on notice as to the nature of Plaintiffs' claim.

23.     Plaintiffs' allegations do not state a claim upon which relief can be granted with respect to Plaintiffs' breach of contract because *inter alia* Plaintiffs' allegations do not particularly establish any act by Defendants' actions violated any term of an enforceable agreement.

24.     Plaintiffs' allegations do not state a claim upon which relief can be granted with respect to Plaintiff's breach of duty of loyalty or duty of fiduciary care causes of action because *inter alia* Plaintiffs' allegations do not established that such duties existed as a matter of law or that Defendants acted in a manner inconsistent with any such alleged duty.

### EIGHTH DEFENSE

### (Failure to Identify Alleged Trade Secrets)

25.     Plaintiffs' claim of trade secret misappropriation is barred because Plaintiffs have not identified the alleged trade secret(s) upon which Plaintiffs intend to rely sufficiently to put Defendants on notice of Plaintiffs' claim or to comply with the requirements of the law.

SMRH:485274872.8

## **RESERVATION OF RIGHTS AND DEFENSES**

Defendants reserve their rights to assert any additional defenses or counterclaims, at law or equity that may exist.

## **COUNTERCLAIMS**

Defendants/Counter-Claimants Auryc, Inc. ("Auryc"), Jinlin Wang, Feng Shao, and Amod Setlur bring the following Counterclaims against Plaintiffs/Counterclaim-Defendants ForeSee Results, Inc. ("ForeSee") and Answers Corporation ("Answers") and state as follows:

## **PARTIES**

1.      Defendant/Counter-Claimant Wang is an individual residing in the State of California, County of Santa Clara.

2.      Defendant/Counter-Claimant Shao is an individual residing in the State of California, County of Santa Clara.

3.      Defendant/Counter-Claimant Setlur is an individual residing in the State of California, County of San Mateo.

4.      Defendant/Counter-Claimant Auryc is a corporation incorporated and organized in the State of Delaware, with its principal place of business located at 5050 El Camino Real, Suite 202, Los Altos, California.

5.      Defendants/Counter-Claimants Wang, Shao, and Setlur are co-founders of Auryc.

6.      On information and belief, Plaintiff/Counterclaim-Defendant ForeSee is a corporation incorporated in and organized under the laws of the State of Delaware, with its principal place of business located in the State of Michigan.

7.      On information and belief, Plaintiff/Counterclaim-Defendant Answers is a corporation incorporated in and organized under the laws of the State of Delaware, with its principal place of business located in the State of Missouri.

SMRH:485274872.8

**JURISDICTION AND VENUE**

8.      The first and second Counterclaims arise under the Copyright Act, 17 U.S.C. §§ 101 et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

9.      On December 6, 2017, Plaintiffs/Counterclaim-Defendants filed a Complaint in this Court seeking, among other things, a judgment that Defendants infringed Plaintiffs'/Counterclaim-Defendants' registered copyrights.  An immediate and justiciable controversy exists between the parties regarding whether Defendant Auryc's software infringes any valid and enforceable copyright owned by Plaintiffs'/Counterclaim-Defendants.

10.      This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

11.      The Court has supplemental subject matter jurisdiction over the state law counterclaims herein pursuant to 28 U.S.C. § 1337 because these claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

12.      Personal jurisdiction is proper in this Court as to Plaintiffs/ Counterclaim-Defendants, because, *inter alia*, they have subjected themselves to the jurisdiction of this Court by virtue of filing their Complaint.

13.      Venue is proper in this District under 28 U.S.C. §§ 1391 and because, *inter alia*, Plaintiffs/Counterclaim-Defendants have consented to venue in this Court by filing the instant action in this jurisdiction.

**BACKGROUND**

14.      Defendants/Counter-Claimants hereby incorporate each response to each of the foregoing paragraphs in the Complaint, and realleges and incorporates by reference the foregoing Paragraphs 1-13 of the Counterclaims as if fully stated herein.

15.      Defendants/Counter-Claimants Wang, Shao, and Setlur were employees of Answers until January 2016.

16.      Defendant/Counter-Claimant Wang was employed as Answers' Chief Technical Officer from about October 3, 2014 until February 5, 2016

17.     Defendant/Counter-Claimant Shao was employed as Answers' Senior Director of Engineering from about April 28, 2015 until January 22, 2016.

18.     Defendant/Counter-Claimant Setlur was employed as Answers' Vice President of Engineering from about May 5, 2015 until January 22, 2016.

19.     As part of their employment with Answers, Defendants/Counter-Claimants Wang, Shao, and Setlur executed employment agreements with Answers.

20.     Answers' employment agreements with Defendants/Counter-Claimants Shao and Setlur include terms that require mediation and, then, arbitration of any disputes arising under those agreements.

21.     Prior to filing their Complaint in this Court, Plaintiffs/Counterclaim-Defendants did not contact any of Defendants/Counter-Claimants or otherwise seek to mediate or arbitrate this dispute, even though the Complaint alleges that Defendants/Counter-Claimants breached their employment agreements with Answers.

22.     After leaving their employment with Answers, Defendants/Counter-Claimants Wang, Shao, and Setlur founded Auryc, Inc.

23.     Auryc is a next-gen technology driven startup company that strives to assist its customers by automating the collection of online customer experience data and qualitative and quantitative insights into customer experience, thereby presenting contextual business intelligence at scale.  Auryc's core technology utilizes artificial intelligence ("AI") and machine learning techniques that operate on very large datasets (referred to as "big data").  Auryc's software includes many functional components, including  session replay technology, voice of customer technology, mobile web analytics technology, and visual business rules editing technology.  For example, session replay technology enables a customer to visually replay and observe a consumer's interaction with a website, the voice of the customer technology enables the collection of user feedback, and the visual business rules editing technology enables a customer to configure and tune the business intelligence data collection using an intuitive graphical user interface.

24.     While, on information and belief, ForeSee's software also provides session replay and voice of the customer components, those components function and are implemented in very

-23-

1   different ways than Auryc's software for at least the following exemplary reasons:

2   •   Auryc's session replay technology provides random access and search

3   capability to enable a user to *interactively* identify interesting portions of the replay much

4   the same way as a viewer would like to get to specific parts of a movie on a DVD without

5   watching the entire movie.  In contrast, Defendants are informed and believe that

6   ForeSee's replay technology merely provides a downloadable *static* video.

7   •   Auryc's session replay technology also enables specific filtering of replays

8   to enable a user to identify specific consumer behaviors across millions of web browsing

9   sessions, e.g., to find consumers who clicked on the purchase button on an e-commerce

10   site but did not see the purchase confirmation page, or to find consumers who experienced

11   certain types of errors during a browsing session.  Auryc is informed and believes that

12   ForeSee's software has no equivalent functionality.

13   •   Auryc's voice of the customer technology enables users to view Net

14   Promoter Score ("NPS") templates and to customize the display of information using

15   various parameters, e.g., by displaying average times spent on a webpage and locations

16   viewed on a webpage.  Auryc is informed and believes that ForeSee's software has no

17   equivalent functionality.

18   •   Auryc's voice of the customer technology also includes unique behavior

19   tracking technology to enable feedback forms to be sent to consumers based on targeted

20   profiles, e.g., to target consumers who have engaged in specific behaviors.  Auryc is

21   informed and believes that ForeSee's software has no equivalent functionality.

22   25.   To date, Auryc's software is still at the "Beta" (initial, restricted release) stage.  On

23   information and belief, Auryc's software has not been sold or provided to any customer of the

24   Plaintiffs.

25   26.   Auryc's business intelligence software includes both client-side components that

26   interact directly with web browsers, as well as server-side components that communicate with the

27   client-side components.  Auryc's client-side components were written in  JavaScript scripting

28   language and incorporate many open-source components that are publicly available.  Auryc's

Civil Action No. 3:17-CV-06973-RS
ANSWER AND COUNTERCLAIMS

server-side components were written using high performing object-oriented programming languages and highly scalable frameworks and are compiled and operated from Auryc's servers

27.     On information and belief, ForeSee's software also includes client-side and server-side components including several components that have different functionality than Auryc's business intelligence software.  On information and belief, ForeSee's client-side components were written in a JavaScript scripting language, are publicly available, and incorporate many open-source components that are publicly available.  On information and belief, ForeSee's server-side components were written using a different set of programming languages and/or frameworks than were Auryc's server-side components.  On information and belief, ForeSee's server-side components are compiled and operated from ForeSee's servers. .

28.     On information and belief, many publicly available and/or open source components are incorporated in ForeSee's software, and some of these components are subject to licensing terms that require that any modifications or derived works from those publicly available and/or open source components to be made available to the public under the same terms.

29.     Auryc developed its business intelligence software independently and without reliance on ForeSee's or Answers' software.

30.     Auryc's business intelligence software performs substantially different functions than any of ForeSee's or Answers' software.

## FIRST COUNTERCLAIM

### (Declaration of Non-Infringement)

31.     Defendants/Counter-Claimants reallege and incorporate by reference the foregoing Paragraphs 1-30 of the Counterclaims as if fully stated herein.

32.     This is a counterclaim for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 for the purpose of determining an actual and justiciable controversy between the parties.

33.     Auryc's business intelligence software accused in the Complaint (the "Accused Software") is not substantially similar to any of Plaintiff/Counterclaim-Defendants' copyright protected software.

34.     The Accused Software does not and has not infringed any valid and enforceable copyright owned by Plaintiff/Counterclaim-Defendants (the "Asserted Copyrights").

35.     Defendants/Counter-Claimants are entitled to a declaration that the manufacture, use, offer for sale, or sale of the its business intelligence software does not infringe any valid and enforceable Asserted Copyright.

**SECOND COUNTERCLAIM**

**(Declaration of Invalidity)**

36.     Defendants/Counter-Claimants reallege and incorporate by reference the foregoing Paragraphs 1-35 of the Counterclaims as if fully stated herein.

37.     This is a counterclaim for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 for the purpose of determining an actual and justiciable controversy between the parties.

38.     On information and belief, Plaintiff/Counterclaim-Defendants' software covered by the Asserted Copyrights incorporates many publicly available and/or open source components, some of which are subject to licensing terms that require that any modifications or derived works from those publicly available and/or open source components be made available to the public under the same terms.  By nature of these license terms, Plaintiff/Counterclaim-Defendants' software covered by the Asserted Copyrights has been dedicated to the public rendering the Asserted Copyrights unenforceable and/or invalid.

39.     On information and belief, Plaintiff/Counterclaim-Defendants' software is not a wholly original work and/or incorporates unoriginal content.  Also on information and belief, Plaintiff/Counterclaim-Defendants and/or the work-made-for-hire authors of Plaintiff/Counterclaim-Defendants' software are not the original authors of software covered by the Asserted Copyrights.  Accordingly, the Asserted Copyrights are invalid.

40.     Defendants/Counter-Claimants are entitled to a declaration that the Asserted Copyrights are invalid.

## **THIRD COUNTERCLAIM**

### **(Breach of Contract)**

41.     Defendants/Counter-Claimants reallege and incorporate by reference the foregoing Paragraphs 1-40 of the Counterclaims as if fully stated herein.

42.     Defendants/Counter-Claimants Wang, Shao, and Setlur each were parties to binding and enforceable employment agreements with Answers.

43.     Answers' employment agreements with Defendants/Counter-Claimants Shao and Setlur include terms that require mediation and, then, arbitration of any disputes arising under those agreements.

44.     Answers' employment agreement with Defendant/Counter-Claimant Wang includes a forum clause that requires any suit arising under the terms of the agreement be brought in the State of Delaware.

45.     Prior to filing their Complaint in this Court, Plaintiffs/Counterclaim-Defendants did not contact any of Defendants/Counter-Claimants or otherwise seek to mediate or arbitrate this dispute, even though the Complaint alleges that Defendants/Counter-Claimants breached their employment agreements with Answers.

46.     Plaintiff/Counterclaim-Defendants' filing of this lawsuit without first seeking arbitration or mediation constitutes a breach of its agreements with Defendants/Counter-Claimants Shao and Setlur.

47.     Plaintiff/Counterclaim-Defendants' filing of this lawsuit in this District constitutes a breach of its agreements with Defendant/Counter-Claimant Wang.

48.     As a direct and proximate result of Plaintiff/Counterclaim-Defendants' breaches, Defendants/Counter-Claimants have suffered injury and harm.

49.     Plaintiff/Counterclaim-Defendants acknowledged that any breach of those agreements may be harmful or prejudicial to Defendant/Counter-Claimants and these breaches have, in fact, caused and continue to cause Defendant/Counter-Claimants irreparable injury and cannot be fully redressed through damages alone. An injunction is necessary to provide Plaintiffs with at least some measure of relief.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counter-Claimants respectfully request that this Court enter a Judgement and Order:

A.      Dismissing the Complaint, and the claims for relief contained therein, with prejudice;

B.      Declaring that Auryc's business intelligence software has not infringed, is not infringing, and will not infringe any of the Asserted Copyrights;

C.      Declaring the Asserted Copyrights to be invalid and unenforceable;

D.      Permanently enjoining Plaintiffs/Counterclaim-Defendants, their assigns, successors, officers, employees, agents, representatives, attorneys, and others acting on its behalf, from threatening or initiating infringement litigation over;

E.      Finding that Plaintiff/Counterclaim-Defendants breached their agreements with Defendant/Counter-Claimants;

F.      Awarding Defendant/Counter-Claimants compensatory damages;

G.      Awarding Defendant/Counter-Claimants its attorneys' fees, costs, and expenses; and

H.      Granting Defendant/Counter-Claimants such other and further relief as this Court deems just and proper.

Dated:  January 29, 2018                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By      _____*/s/ James M. Chadwick*_____
                         JAMES M. CHADWICK
                         JESSE A. SALEN
                Attorneys for Defendants AURYC, INC.,
                JINLIN WANG, FENG SHAO, and AMOD
                                SETLUR

Civil Action No. 3:17-CV-06973-RS
ANSWER AND COUNTERCLAIMS

SMRH:485274872.8

1

## **DEMAND FOR JURY TRIAL**

2

Defendants demand a trial by jury as to all counterclaims so triable.

3

Dated:  January 29, 2018                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

4

5                                                   By _____/s/ James M. Chadwick_____

6                                                               JAMES M. CHADWICK
                                                                  JESSE A. SALEN

7                                                   Attorneys for Defendants AURYC, INC.,
                                                   JINLIN WANG, FENG SHAO, and AMOD

8                                                                      SETLUR

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28