Patrick M. McCarthy (*Pro Hac Vice*)
Andrew M. Grove (*Pro Hac Vice*)
Ryan A. Ellis, Esq. (SBN: 272868)
HOWARD & HOWARD ATTORNEYS PLLC
2049 Century Park East, Suite 330
Los Angeles, CA 90067
Telephone: (424) 303-7700
Facsimile: (424) 274-3202
Email: pmccarthy@howardandhoward.com
       jg@h2law.com
       re@h2law.com

Attorneys for Plaintiffs ForeSee Results, Inc.
and Answers Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORESEE RESULTS, INC., a Delaware Corporation; ANSWERS CORPORATION, a Delaware Corporation, <br><br> Plaintiff(s), <br><br> vs. <br><br> AURYC, INC., a Delaware Corporation, also known as AURCY, LLC; JINLIN WANG, an individual; FENG SHAO, an individual; AMOD SETLUR, an individual; DOES 1 through 20, inclusive; <br><br> Defendant(s). | Case Number: 3:17-cv-06973-RS <br><br> **REVISED JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** <br><br> Date: October 4, 2018 <br> Time: 1:30 pm <br> Courtroom: 3 - 17th Floor <br><br> Hon. Richard M. Seeborg |

1  The parties to the above-entitled action jointly submit this REVISED JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Rules 26 of the Federal Rules of Civil Procedure, the Standing Order for All Judges of the Northern District of California, and Northern District of California Civil Local Rule 16-9.

**1.     Jurisdiction & Service.**  Plaintiffs contend that subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338 for the copyright claims and the trade secret claims.  Plaintiffs contend that it is proper under 28 U.S.C. § 1337 for the pendent state law claims such as breach of contract, breach of fiduciary duty, and breach of loyalty.  Plaintiffs agree that it is proper under §§ 1331, 1338, 2201 and 2202 for the declaratory judgment counterclaims.  Accordingly, Plaintiffs contend that there are no issues over personal jurisdiction or venue.  For the sole purpose of this litigation and to conserve judicial resources, Defendants are not challenging personal jurisdiction or venue.  Defendants reserve their rights to challenge the Court's jurisdiction over them in any future matter.  Defendants reserve the right to seek to compel mediation and/or arbitration.  No parties remain to be served.

**2.     Facts.**  Plaintiffs develop, market, and sell customer experience analytics software ("Plaintiffs' Software").  Defendant Auryc develops and provides software designed to track users' interactions with online services, collect qualitative feedback, and provide online services providers with real-time insights into user's interactions with and utilization of their services.  Plaintiffs allege that the Plaintiffs' Software is protected by valid U.S. copyrights.  Defendants Wang, Shao and Setlur were employees of plaintiff Answers.  They all had employment and related agreements with Answers.  They left Answers and, subsequently, founded Auryc.  Plaintiffs allege that these Defendants took Plaintiffs' Software code with them, otherwise copied code and other materials of Answers, and/or are using without authorization property, code, or trade secret information of Answers.  Defendants deny these allegations.  Defendants aver that they

1  have independently developed the software being offered by Auryc ("Auryc's
2  Software"), that Auryc's Software performs functions different than those performed by
3  Plaintiff's Software, and that Auryc's Software does not infringe any valid copyrights in
4  Plaintiff's Software, nor does it embody any trade secrets belonging to Plaintiffs.
5  Defendants also allege that Plaintiffs' Software incorporates publicly available and/or
6  open source software that was not developed by Plaintiffs and to which Plaintiffs do not
7  own any right, title, or interest.  Defendants also allege that Plaintiffs breached their
8  agreements with Defendants Wang, Shao and Setlur by not first engaging in mediation or
9  seeking to do so with respect to the current dispute.  The parties also disagree over
10 remedies.

11 **3.**     **Legal Issues.**  The following general issues are disputed:
12 • Whether the plaintiffs have valid copyrights;
13 • Whether the defendants infringed the copyrights;
14 • Whether the plaintiffs have protectable trade secrets;
15 • Whether the defendants misappropriated the trade secrets;
16 • Whether the defendants breached contracts, duties of loyalty and fiduciary
17   duties; and
18 • Whether the plaintiffs breached the contracts by bringing suit against some
19   (but not all of) the defendants without first engaging in mediation, and/or
20   by bringing this action in California.

21 **4.**     **Motions.**  In accordance with local court requirements, the parties have exchanged
22 expedited discovery of source code and trade secrets.  Plaintiffs moved for a preliminary
23 injunction and that motion is pending.  The parties otherwise anticipate possible motions
24 relating to discovery, summary judgment, expert opinions, and trial evidence.

25
26
27

5. **Amendment of Pleadings.** No such amendments are anticipated at this time. The parties propose a deadline of October 26, 2018 to add parties or amend their respective pleadings.

6. **Evidence Preservation.** The parties certify that they have imposed litigation holds on evidence likely to be relevant to this matter. The parties certify that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The parties are in the process of preparing an agreement with respect to the collection and production of ESI, which will address the number of custodians from whom ESI will be collected, search terms to be used in the collection of ESI, and the form in which and means by which both hard documents and ESI will be produced.

7. **Disclosures.** The parties served their initial disclosures several months ago pursuant to Fed. R. Civ. P. 26.

8. **Discovery.** The parties have stipulated to a protective order, and the protective order has been entered by the Court.

The parties have already exchanged some source code, plaintiffs' trade secrets list, and various other documents and things. The defendants have taken depositions of Alexei White, ForeSee's Senior Director of Software Engineering; and Barbara Frederiksen-Cross, plaintiffs' technical expert relating to their respective declaration testimony offered in support of Plaintiffs' Motion for Preliminary Injunction. However, Defendants contend that only preliminary discovery has been conducted, some of which is the subject of a pending motion to compel filed by Defendants against Plaintiffs, and Defendants reserve their right to continue those depositions and/or re-depose each witness on topics not yet addressed or not yet fully addressed, additional discovery

1 produced by Plaintiffs, and/or additional percipient and/or opinion testimony offered by
2 either witness.  Subject to the foregoing, the parties propose a continued discovery plan
3 as follows:
4     •    Discovery Ends:  March 29, 2019.
5     •    Scope:  Discovery on matters relevant to the claims and defenses in the litigation in accordance with Rule 26 of the Federal Rules of Civil Procedure.
8     •    Limits:
9         − Interrogatories: 25 per side
10         − Requests for Production: Unlimited
11         − Substantive Requests for Admission: 25 per side
12         − Requests for Admission for purposes of Authentication: Unlimited
13         − Depositions: 10 per side, 7 hours each
14         − Unless otherwise specified, the parties agree to the limits and scopes for discovery specified in the Federal Rules of Civil Procedure
16 The parties do not presently anticipate disputes regarding the scope and/or methods of e-
17 discovery.  The parties will negotiate in good faith to resolve any such disputes should
18 they arise.  The parties reserve their rights to seek further discovery limits should the
19 need arise.
20 **9.**     **Class Actions.**  Not applicable.
21 **10.**    **Related Cases.**  None.
22 **11.**    **Relief.**  Plaintiffs are seeking injunctive relief relating to the use of their computer
23 code, trade secrets and confidential information.  Plaintiffs also are seeking monetary
24 relief for infringement of their copyrighted computer code, together with compensation
25 for trade secret misappropriation, breach of contract, breach of loyalty, and beach of
26 fiduciary duty.  Defendants are seeking an order: denying Plaintiffs' requested relief;

declaring that the Accused Software has not infringed, is not infringing, and will not infringe any of the Asserted Copyrights; declaring the Asserted Copyrights to be invalid and unenforceable; enjoining Plaintiffs from asserting the Asserted Copyrights; finding the Plaintiffs breached their agreements with Defendants; awarding Defendants compensatory damages caused by Plaintiffs' breach of contract; and awarding Defendants their fees, costs, and expenses relating to this litigation.

**12.  Settlement and ADR.**  The parties have exchanged settlement proposals and are working toward possible settlement on a track parallel to the litigation.  The parties have also participated in Early Neutral Evaluation with evaluator Michael Barclay.  The parties had an all-day session with Mr. Barclay on August 28, 2018 in the offices of defendants' counsel in Palo Alto.

**13.  Consent to Magistrate Judge For All Purposes.**  Plaintiffs are not willing to consent to have a Magistrate Judge appointed for all purposes.  Defendants are willing to consider the appointment of a Magistrate Judge for all purposes.

**14.  Other References.**  Plaintiffs do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation. Defendants' investigation with respect to the parties' prior agreements as they relate to mediation and/or arbitration is continuing and Defendants reserve their rights in all respects thereto.

**15.  Narrowing of Issues.**  The parties do not believe any issues can be narrowed by agreement or by motion at this time.

**16.  Expedited Trial Procedure.** The parties agree that this case is not appropriate for handling under an expedited trial procedure.

**17.  Scheduling.**  The parties respectfully propose the following schedule:

| Deadline | Parties' Joint Proposal | Scheduling Order |
|---|---|---|
| Exchange Initial Disclosures (including identification of alleged misappropriated trade secrets): | COMPLETED | COMPLETED |
| Phase I of Fact Discovery Ends (i.e., exchange of source code): | COMPLETED | COMPLETED |
| Last Day for Early ADR: | COMPLETED | COMPLETED |
| Phase II of Fact Discovery Opens: | Immediately | |
| Last Day to Amend Pleadings or Join Parties: | November 1, 2018 | |
| Fact Discovery Closes (except for discovery subject to a pending motion to compel): | March 29, 2019 | |
| Last Day to Serve Opening Expert Reports (for party with burden of proof): | April 26, 2019 | |
| Last Day to Serve Rebuttal Expert Reports: | Feb. 1, 2019<br>May 31, 2019 | |
| Close of Expert Discovery: | June 14, 2019 | |
| Last Day to File Dispositive Motions | July 19, 2019 | |
| Hearing on Dispositive Motions | Sept. 12, 2019 | |
| Pre-Trial Conference | [**INSERT**] | |
| Trial | [**INSERT**] | |

18.  **Trial.**  The parties have demanded a jury trial.  They expect the trial to take up to 5 days, not including jury selection.

1  **19.    Disclosure of Non-party Interested Entities or Persons.**  The parties have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. The parties repeat their respective disclosures below

   <u>Plaintiffs</u>:  Pursuant to Local Rule 3-15, Plaintiffs certify that as of this date, other than the named parties, there is no such interest to report.

   <u>Defendants</u>:  Pursuant to Local Rule 3-15, Defendants certify that as of this date, other than the named parties, there is no such interest to report.

**20.    Professional Conduct.**  All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California

**21.    Other.**  The parties have limited resources, and seek a process for the resolution of this matter that is the most efficient and least burdensome possible.

Dated: September 27, 2018          /s/Andrew M. Grove
                                   _____
                                   Patrick M. McCarthy (*Pro Hac Vice*)
                                   Andrew M. Grove (*Pro Hac Vice*)
                                   Ryan A. Ellis, Esq. (SBN: 272868)
                                   HOWARD & HOWARD ATTORNEYS PLLC
                                   2049 Century Park East, Suite 330
                                   Los Angeles, CA 90067
                                   Telephone: (424) 303-7700
                                   Facsimile:  (424) 274-3202
                                   E-mail: pmccarthy@howardandhoward.com
                                           jg@h2law.com
                                           re@h2law.com

                                   Attorneys for Plaintiffs ForeSee Results, Inc. and Answers Corporation

Dated: September 27, 2018          /s/ Jesse A. Salen
                                   _____
                                   James M. Chadwick, Cal. Bar No. 157114
                                   Tenaya Rodewald, Cal. Bar No. 248563
                                   Jesse A. Salen, Cal. Bar No. 292043
                                   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
                                   379 Lytton Avenue
                                   Palo Alto, CA 94301-1479
                                   Telephone: (650) 815-2600

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Facsimile:  (650) 815-2601
E-mail:  jchadwick@sheppardmullin.com
trodewald@sheppardmullin.com
jsalen@sheppardmullin.com

Attorneys for Defendants Auryc, Inc., Jinlin Wang, Feng Shao, and Amod Setlur

SMRH:485501651.6                         -9-                  Case No. 3:17-cv-06973-RS
REVISED JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

RICHARD S. SEEBORG
UNITED STATES DISTRICT COURT JUDGE